IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| THOMAS M. GREEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BILL AYARES CHEVROLET, LLC t/a ) <br> AUTONATION CHEVROLET OF ) <br> LAUREL, ) <br> ) <br> Defendant. ) | Civil Action No. 25-cv-00368-LKG <br><br> Dated: June 2, 2025 |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

This civil action involves a dispute regarding the sale of a 2017 Ford Fusion vehicle, which the Plaintiff, Thomas M. Green, purchased from the Defendant, Bill Ayares Chevrolet, LLC t/a AutoNation Chevrolet of Laurel ("Bill Ayares") in September 2023. *See generally* ECF No. 3.  The Plaintiff has moved to remand this matter to the Circuit Court for Prince George's County, Maryland. (ECF No. 9).  Bill Ayares has also moved to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-15, ("FAA").  ECF No. 5.  These motions are fully briefed.  ECF Nos. 5, 9, 10, 13, 14 and 15.  No hearing is necessary to resolve the motions.  L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court: (1) **GRANTS** the Plaintiff's motion to remand (ECF No. 9); (2) **DENIES-as-MOOT** Bill Ayares' motion to compel arbitration (ECF No. 5); and (3) **REMANDS** this matter to the Circuit Court of Prince George's County, Maryland.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.    Factual Background

This civil action involves a dispute regarding the sale of a 2017 Ford Fusion vehicle (the "Vehicle"), which the Plaintiff purchased from Bill Ayares in September 2023. *See generally* ECF No. 3. In the complaint, the Plaintiff asserts the following claims against Bill Ayares: (1) Violation of Consumer Protection Act (Count I); (2) Fraudulent Misrepresentation (Count II); (3) Negligence (Count III); (4) Negligent Misrepresentation (Count IV); (5) Breach of Contract (Count V); (6) Breach of Express Warranty (Count VI); (7) Breach of Implied Warranty (Count VII); and (8) Rescission (Count VIII). ECF No. 3. As relief, the Plaintiff seeks, among other things, to recover compensatory and punitive damages from the Defendants. *Id.* at Prayers for Relief.

<u>The Parties</u>

Plaintiff Thomas M. Green is a resident and citizen of Prince George's County, Maryland. *Id.* at ¶ 1.

Defendant Bill Ayares is a Delaware limited liability company, which for diversity jurisdiction, has the citizenship of its members. The sole member of Bill Ayares is Fox Chevrolet, LLC, a Delaware limited liability company, whose sole member is AN Dealership Holding Corp., a Florida corporation with its principal place of business in Florida. ECF No. 1 ¶ 6(b). Bill Ayares is a citizen of Florida. *Id*. at ¶ 6(b).

<u>Background</u>

As background, on or about September 11, 2023, the Plaintiff purchased a 2017 Ford Fusion from Bill Ayares for $12,336.80, which included the costs for tags and title. ECF No. 3 at ¶ 6. The Plaintiff alleges that, within days of the purchase, the Vehicle exhibited problems, including a persistent check engine light. *Id.* at ¶ 10. And so, the Plaintiff alleges that he returned the Vehicle to Bill Ayares and he requested inspection and repairs which revealed that Vehicle needed a complete engine replacement. *Id.* at ¶¶ 10-11.

The Plaintiff also alleges that Bill Ayares kept the Vehicle from approximately September 20, 2023, through at least January 2024. *Id.* at ¶ 14. The Plaintiff further alleges that

---

[1] The facts recited in this memorandum opinion and Order are taken from the complaint, the Plaintiff's motion to remand and Bill Ayares' motion to compel arbitration. ECF Nos. 3, 5 and 9. Unless otherwise stated, the facts recited herein are undisputed.

2

he made numerous attempts during this time to obtain updates about the Vehicle, but Bill Ayares did not respond. *Id*. at ¶ 19.

On or about November 8, 2023, the Maryland Motor Vehicle Administration informed the Plaintiff that it could not issue a title for the Vehicle, because the Vehicle's most recent title documentation was missing. *Id.* at ¶ 18. The Plaintiff alleges that he raised this issue with Bill Ayares' Sales Manager, but the title issue remained unresolved as of January 6, 2024. *Id*. And so, the Plaintiff had still not received valid tags for the Vehicle as of January 25, 2024. *Id.*

The Plaintiff alleges that Bill Ayares informed him that the Vehicle was ready for pickup in January 2024. *Id*. at ¶ 19. But, the Plaintiff alleges that Bill Ayares refused to provide documentation of the repairs performed on the Vehicle and insisted that he take possession of the Vehicle using expired temporary tags and without a valid title. *Id.* The Plaintiff further alleges the Bill Ayares also offered to refund the fees paid for registration, title and tags for the Vehicle, if he took possession of the Vehicle. *Id.* at ¶ 20. But, the Plaintiff declined to take possession of the Vehicle. *Id.* at ¶ 19.

On January 25, 2024, the Plaintiff, through his counsel, sent a demand letter to Bill Ayares requesting return of the Vehicle, a refund and adherence to the warranty obligations. *Id.* at ¶ 21. Thereafter, the Plaintiff filed this lawsuit in the Circuit Court for Prince George's County, Maryland, asserting claims for violations of the Maryland Consumer Protection Act, Fraudulent Misrepresentation, Negligence, Negligent Misrepresentation, Breach of Contract, Breach of Express Warranty, Breach of Implied Warranty and Recession. *See generally id.* And so, the Plaintiff seeks to recover compensatory damages in the amount of $50,000, punitive damages, reasonable attorneys' fees, interest and costs from Bill Ayares. *Id.* at Prayers for Relief.

**B.    Relevant Procedural Background**

The Plaintiff originally commenced this civil action in the Circuit Court of Prince George's County, Maryland, on November 19, 2024. ECF No. 3. On February 5, 2025, Bill Ayares removed the matter to this Court. ECF No. 1.

On February 26, 2025, the Plaintiff moved to remand the case to the Circuit Court for Prince George's County, Maryland. ECF No. 9. On March 17, 2025, Bill Ayares filed a response in opposition to the Plaintiff's motion to remand. ECF No. 14. On March 24, 2025, the Plaintiff filed a reply brief. ECF No. 15.

On February 12, 2025, Bill Ayares filed a motion to compel arbitration, pursuant to the Federal Arbitration Act. ECF No. 5. On February 26, 2025, the Plaintiff filed a response in opposition to Bill Ayares' motion to compel arbitration. ECF No. 10. On March 12, 2025, Bill Ayares filed a reply brief. ECF No. 13.

The parties' respective motions having been fully briefed, the Court resolves the pending motions.

### III.   LEGAL STANDARDS

#### A.   Diversity Jurisdiction

It is well-established that federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S 375, 377 (1994). Specifically, district courts possess jurisdiction over civil actions where the matter in controversy exceeds $75,000 and the dispute is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). And so, for diversity jurisdiction to exist, there must be "complete diversity," meaning that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citation omitted). Relevant to the pending motion to remand, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State … where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

#### B.   Removal And Motions To Remand

A defendant may remove a case filed in state court to this Court on the basis of diversity of citizenship under 28 U.S.C. § 1441, if: (1) there is complete diversity between all named plaintiffs and all named defendants and (2) no defendant is a citizen of the forum. *See* 28 U.S.C. § 1441(b). The United States Court of Appeals for the Fourth Circuit has held that complete diversity of citizenship must be established at the time of removal. *See Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) (holding that a case must fall "within the 'original jurisdiction' of the federal court"). The Fourth Circuit has also held that a party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted). And so, if the plaintiff later challenges removal in a motion to remand, the burden is on the defendant to demonstrate that removal jurisdiction is proper. *Id.* at 297; *see also Cunningham v. Twin City Fire Ins. Co.*, 669 F. Supp. 2d 624, 627 (D. Md. 2009).

In this regard, a case's removability is determined based on the pleadings and record at the time of removal. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013). In diversity cases, the amount demanded in good faith in the initial pleading generally sets the amount-in-controversy. 28 U.S.C. § 1446(c)(2). If no specific sum is stated, the defendant may allege the amount in its notice of removal. *Brennan v. Stevenson*, No. CV JKB-15-2931, 2015 WL 7454109 at *2 (D. Md. Nov. 24, 2015). And so, the defendant's allegation will be accepted unless contested, in which case the Court must find, by a preponderance of the evidence, that the amount exceeds the jurisdictional threshold. *Id.* (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)).

In matters where the plaintiff specifically pleads less than $75,000 in damages, this Court has held that the removing defendant must prove to a legal certainty that the plaintiff would recover more than $75,000 to establish diversity jurisdiction. *See Stewart v. Truist Fin.*, No. CV DLB-23-1766, 2024 WL 2977886 at *2 (D. Md. June 13, 2024); *see also Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509 (D. Md. 2002). In assessing whether subsidiary forms of relief—such as punitive damages or attorney's fees—may be included in the amount-in-controversy, the Court has emphasized that speculative or conclusory assertions are insufficient. *Osia v. Rent-a-Ctr., Inc.*, No. CIV.A. DKC 15-1200, 2015 WL 3932416 at *14 (D. Md. June 25, 2015). And so, while Maryland law permits the recovery of punitive damages upon a showing of malice, the removing defendant must establish by a preponderance of the evidence that such damages are likely to be awarded. *Mudd v. Comcast of Md, LLC*, No. PWG-14-2310, 2015 WL 773017, at *5 (D. Md. Feb. 23, 2015). Lastly, this Court has held that speculative arguments regarding the potential value of an award of attorneys' fees are insufficient to establish jurisdiction and that the proponent of jurisdiction must provide competent proof—such as billing records or affidavits—demonstrating that attorneys' fees will more likely than not cause the total amount-in-controversy to exceed $75,000. *Momin*, 205 F. Supp. 2d at 510.

## IV. LEGAL ANALYSIS

The Plaintiff has moved to remand this matter to the Circuit Court for Prince George's County, Maryland upon the ground that the Court does not possess diversity jurisdiction, because the amount-in-controversy in this matter does not exceed $75,000. ECF Nos. 9 and 9-1. The Plaintiff also argues that the Court does not possess subject-matter jurisdiction to consider this

matter, because Bill Ayares has waived the right to remove this matter to federal court. ECF No. 9-1 at 8-9. And so, the Plaintiff requests that the Court remand this case to the Circuit Court for Prince George's County, Maryland. ECF No. 9-1 at 10.

Bill Ayares counters that a remand of this case to state court is not warranted, because there is complete diversity of the parties and a "reasonable estimate" of the amount-in-controversy in this case exceeds $75,000. ECF No. 14 at 1. Bill Ayares also argues that it has not waived the right to remove this case to federal court. *Id*. at 12-14. And so, Bill Ayares requests that the Court deny the Plaintiff's motion to remand. *Id*. at 14. In addition, Bill Ayares requests that the Court compel the Plaintiff to arbitrate his claims in the action pursuant to the FAA. *See generally* ECF No. 5.

For the reasons set forth below, Bill Ayares has not met its burden to show that the Court possesses subject-matter jurisdiction to consider this case. And so, the Court: (1) **GRANTS** the Plaintiff's motion to remand (ECF No. 9); (2) **DENIES-as-MOOT** Bill Ayares' motion to compel arbitration (ECF No. 5); and (3) **REMANDS** this matter to the Circuit Court of Prince George's County, Maryland.

A. The Court Remands The Case To State Court

As an initial matter, Bill Ayares has not met its burden to show that the Court possesses subject-matter jurisdiction to consider this case. It is well-established that the party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn*, 530 F.3d at 296 (citation omitted). And so, if the plaintiff later challenges removal in a motion to remand, the burden is on the defendant to demonstrate that removal jurisdiction is proper. *Id.* at 297; *see also Cunningham*, 669 F. Supp. 2d at 627.

For the Court to possess jurisdiction over this civil action, the matter in controversy must exceed $75,000 and the dispute must be between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). In this regard, the Court has held that, where a plaintiff pleads less than $75,000 in damages, the removing Defendant must prove to a legal certainty that the plaintiff would recover more than $75,000 in the case. *See Stewart*, 2024 WL 2977886 at *2; *see also Momin*, 205 F. Supp. 2d at 509. The Court has also recognized that speculative or conclusory assertions about the damages to be recovered in a case undermine the integrity of the amount-in-controversy requirement and risk encouraging improper removals. *Osia*, 2015 WL 3932416 at *14. In addition, a removing defendant must provide competent evidence—such as billing records or

affidavits—to show that attorneys' fees will more likely than not bring the total amount-in-controversy above $75,000. *Id*.

In this case, a careful reading of the complaint shows that Bill Ayares has not met its burden to establish subject-matter jurisdiction, because it has not shown that the amount-in-controversy in this case exceeds $75,000. In the complaint, the Plaintiff seeks to recover compensatory damages in the amount of $50,000, punitive damages, reasonable attorneys' fees, interest and costs from Bill Ayares. *Id.* at Prayers for Relief. And so, there can be no dispute in this case that the amount of compensatory damages sought by the Plaintiff is less than $75.000.

While Bill Ayares correctly observes that the Plaintiff also seeks to recover his reasonable attorneys' fees in this matter, Bill Ayares merely speculates that the amount of these fees would result in a recovery of more than $75,000. ECF No. 14 at 6-7; *see also Momin*, 205 F. Supp. 2d at 510 (speculative estimates regarding attorneys' fees are insufficient to establish the amount-in-controversy.). Bill Ayares similarly fails to show that the punitive damages sought in connection with the Plaintiffs' fraudulent misrepresentation claim would likely raise the amount-in-controversy in this case to the $75,000. ECF No. 14 at 8-9; *see also Mudd*, 2015 WL 773017, at *5 (while Maryland law permits the recovery of punitive damages upon a showing of malice, the removing defendant must establish by a preponderance of the evidence that such damages are likely to be awarded.).

Given this, Bill Ayares has not shown with legal certainty that the amount-in-controversy in this case exceeds $75,000. Because Bill Ayares has not met its burden to show that the Court possesses subject-matter jurisdiction over this matter, the Court must remand this case to the Circuit Court of Prince George's County, Maryland. Given this, because the Court remand this matter to the Circuit Court for Prince George's County, Maryland, the Court does not address Bill Ayares' motion to compel arbitration.

V.     **CONCLUSION**

In sum, Bill Ayares has not met its burden to show that the Court possesses subject-matter jurisdiction to consider this case. And so, for the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiff's motion to remand (ECF No. 9);

(2) **DENIES-as-MOOT** Bill Ayares' motion to compel arbitration (ECF No. 5); and

(3) **REMANDS** this matter to the Circuit Court of Prince George's County, Maryland.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge